IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| MARIA DELGADO,<br><br>　　　　　Plaintiff,<br>v.<br><br>LUIS GOVEA LOPEZ AND BYRON LYONS, POLK COUNTY, OFFICE OF THE SHERIFF<br><br>　　　　　Defendants. | NO. 9:22-CV-00187-MJT-ZJH |

**REPORT AND RECOMMENDATION DENYING PLAINTIFF'S EMERGENCY MOTION FOR RESTRAINING ORDER**

This case is assigned to the Honorable Michael J. Truncale, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. Pending before the court is *pro se* Plaintiff Maria Delgado's *Motion for Leave to Proceed in forma pauperis*. Doc. No. 2; *see* 28 U.S.C. § 1915. Also pending is Delgado's *Emergency Motion for Restraining Order* ("Emergency Motion") (Doc. No. 11).

After reviewing Delgado's application to proceed *in forma pauperis* solely on the basis of financial status, the court finds that Delgado meets the indigence requirements of 28 U.S.C. § 1915. However, Delgado has failed to satisfy her burden in showing she is entitled to injunctive relief. Pursuant to both the *Rooker-Feldman* doctrine and the Anti-Injunction Act, the court is precluded from enjoining the state court's eviction judgment. As such, the court recommends denying Delgado's *Emergency Motion*.

Because Delgado is proceeding *pro se*, Delgado's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and, as such, must be liberally construed.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

## I. Factual Background

Maria Delgado is in the process of being evicted from her "property and Land," located at 588 Beech Creek Road, Livingston, Texas (hereinafter, "the Property"). Compl., Doc. No. 1 at 2. On November 15, 2022, Delgado filed her *Complaint* (Doc. No. 1) in federal court, requesting the court "[v]oid judgement [sic]," "Deed [the] Adverse Claim to Maria Delgado," and award her 2 million dollars in damages from Defendants. Doc. No. 1 at 4 ("Relief to be Granted"). On November 21, 2022, the Polk County Justice of the Peace Court, Precinct Four, entered judgment for Luis Govea Lopez for possession of the Property. Doc. No. 3 at 9. In Justice of the Peace Jamie Richardson's Order, it states, "ALL OCCUPANTS ARE ORDERED TO VACATE THE PREMISES LOCATED AT 588 BEECH CREEK ROAD, LIVINGSTON, TX 77351, ON OR BEFORE MIDNIGHT, ON NOVEMBER 22, 2022." *Id.* (capitalizations in original).

On March 2, 2023, the undersigned held a *Spears* hearing[1] with Delgado present. At the hearing, Delgado informed the Court that she was previously married to Defendant Luis Govea Lopez, who was deported to Mexico. Mar. 2, 2023 Hr'g at 2:36:30–2:37:30. Delgado stated she has not confirmed that she and Lopez are divorced, as she is afraid that the Polk County Clerk's Office is conspiring against her, and did not know whether her ex-husband officially owns the Property subject to a divorce decree. *Id.* at 2:37:30–2:42:05. However, Delgado represented that Defendant Byron Lyons, the Polk County Sheriff, and his deputies, are actively attempting to evict Delgado from the Property pursuant to the Polk County Justice of the Peace Court's judgment for

---

[1] *See Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985).

possession of the Property.  *Id.* at 2:29:20–2:30:49.  Indeed, Delgado affirmed at the hearing that these state court proceedings are still ongoing.  *Id.* at 2:31:20–2:33:17.

**II.     Discussion**

In her *Complaint*, Delgado asserts that "an adverse claim is brought to recover real estate interest of 2 million usd (credit) immediately on the grounds that there is no eviction of any, being upon the defendant's own issues of paper, was illegal, and that the seizure and sale of the lands are also illegal at this point."  Doc. No. 1 at 3.  Further, Delgado asserts that "Luis Govea Lopez and the sheriff and the levying creditor are indemnified to credit the original debt of beneficiary or face restraint of trade charge[] on the grounds of legal fraud by a levying creditor, unlawful conversion to a media of exchange, promissory note, into a deed of trust investment, secured by indenture security, the past eviction has to be overturned."  *Id.*  Accordingly, Delgado requests the court "[v]oid [the] [j]udgement [sic]" because when "Luis Govra [sic] Lopez was deported . . . he lost all his rights to any property or claims forwith [sic]."  *Id.* at 4.  Further, Delgado requests two million dollars in damages, and that the "Property shall be in Maria Delgado's name (ONLY)!!!" *Id.* (parenthetical and emphasis in original); *see also id.* at 5 ("No One Can Take my Property from me with out just compensation of Two Million usd (2,000,000.00) credit").

Here, the court must recommend denying Delgado's *Emergency Motion* for multiple reasons.  Importantly, Delgado has failed to satisfy her burden in showing that she is entitled to such extraordinary relief.  To obtain either a temporary restraining order or a preliminary injunction, Delgado is required to demonstrate:  "'(1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the injury outweighs any harm to the other party, and (4) that granting the injunction will not disserve the public interest.'"  *CAE Integrated, L.L.C. v. Moov Tech., Inc.*, 44 F.4th 257, 261 (5th Cir. 2022) (preliminary injunction

standard) (quoting *Brock Servs., L.L.C. v. Rogillio*, 936 F.3d 290, 296 (5th Cir. 2019) and *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *Texas v. United States*, 524 F. Supp. 3d 598, 651 (S.D. Tex. 2021) (citation omitted) ("The standard for deciding whether to issue a preliminary injunction is the same standard used to issue a temporary restraining order.").[2] Delgado carries the "'burden of persuasion on all of the four requirements . . . at all times.'" *CAE Integrated*, 44 F.4th at 261 (quoting *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974)).

Moreover, "'a preliminary injunction is *an extraordinary remedy* which should not be granted unless the party seeking it has clearly carried [her] burden of persuasion.'" *Id.* (emphasis added) (quoting *Future Proof Brands, L.L.C. v. Molson Coors Beverage Co.*, 982 F.3d 280, 288 (5th Cir. 2020)); *see also Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999) (emphasis added) ("Temporary restraining orders and preliminary injunctions *are extraordinary relief and rarely issued*."). "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule" and should not issue except upon a clear showing of irreparable injury. *Miss. Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (citations omitted); *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464,

---

[2] Similarly, Federal Rule of Civil Procedure 65, which governs injunctions and restraining orders, prescribes that a court may issue a temporary restraining order "without written or oral notice to the adverse party or [his] attorney only if:"
  (A) specific facts in an affidavit or a verified complaint clearly *show that immediate and irreparable injury, loss, or damage will result to the movant* before the adverse party can be heard in opposition; and
  (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b) (emphasis added).

Accordingly, Delgado's *Emergency Motion* is also deficient on these grounds as well, as she has not provided an affidavit or verified complaint showing such immediate and irreparable harm. As further discussed below, Delgado cannot satisfy the criteria for irreparable harm under the temporary restraining order or preliminary injunction standard.

472 (5th Cir. 1985) (citation omitted) ("When the movant fails to prove that, absent the injunction, irreparable injury will result, therefore, the preliminary injunction should be denied."). The denial of a preliminary injunction or temporary restraining order will be upheld where the movant has failed to sufficiently establish any one of the four criteria. *CAE Integrated*, 44 F.4th at 264 (affirming district court's denial of preliminary injunction because movant failed to show a likelihood of success on the merits).

In this case, Delgado has failed to show any of the four aforementioned required criteria. Not only has Delgado failed to adequately set forth these four required elements for either a temporary restraining order or a preliminary injunction, but her pleadings indicate that she would be satisfied if she received two million dollars. Doc. No. 1 at 3–5. Indeed, Delgado's *Complaint* seeks two million dollars in damages as her requested relief. *Id.* at 4. "'Federal courts have long recognized that, when the threatened harm is more than de minimis, it is not so much the magnitude but the *irreparability* that counts for purposes of a preliminary injunction.'" *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (emphasis in original) (quoting *Enter. Int'l, Inc.*, 762 F.2d at 472). "It is thus well-established that an injury is irreparable only if it cannot be undone through monetary remedies." *Id.* (internal quotation marks omitted) (collecting cases). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Id.* (citations and quotation marks omitted). In other words, if a movant's harm can be remedied through money damages (here, 2 million dollars), then this forecloses the possibility that her harm is irreparable, i.e., she can repair the damage allegedly inflicted upon her by receiving adequate compensation, just as Delgado seeks in this case.

Thus, the court must recommend denying Delgado's *Emergency Motion* because in addition to her failure to show that she has succeeded on all four required grounds to afford injunctive relief, her pleadings indicate that she can be made whole, at a later date, through monetary damages. Such a request for monetary relief precludes any possibility that her injuries are therefore "irreparable." *Dennis Melancon, Inc.*, 703 F.3d at 279.

Furthermore, it appears that her eviction judgment has already taken place, as Delgado made clear at her *Spears* hearing and in subsequent filings with this Court. Doc. No. 3 (Polk County Judgment granting Lopez possession of the Property). Now that a Texas state court has issued its judgment, the Court cannot intervene in such proceedings due to application of the *Rooker-Feldman* doctrine. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). This doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). Under this doctrine, "[f]ederal district courts lack jurisdiction to review state-court judgments by means of a state-court loser's collateral attack." *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 415 (5th Cir. 2013) (per curiam).

For example, in *Knoles*, Knoles's property was the subject of a non-judicial foreclosure sale to Wells Fargo Bank, but like here, Knoles refused to vacate the property. *Id.* at 1. Wells Fargo brought a "forcible detainer action" in state court, and the state court "awarded Wells Fargo possession of the property." *Id.* That court entered a final judgment in favor of Wells Fargo, and the decision was subsequently appealed and affirmed. *Id.* at 416. Knoles then brought a separate lawsuit challenging the foreclosure in federal court, but the Fifth Circuit held that the "district

court is denied jurisdiction to [enjoin Wells Fargo from enforcing a valid extant judgment of a Texas court] by the Anti-Injunction Act, 28 U.S.C. § 2283" and the *Rooker-Feldman* doctrine. *Id.* at 3; *see also Younkman v. Payton*, No. 4:18-CV-00568-ALM-CAN, 2018 WL 4856777, at *2 (E.D. Tex. Aug. 20, 2018) (collecting cases) ("Federal district courts have found . . . that they generally lack jurisdiction to grant relief where a plaintiff seeks a temporary restraining order or injunction to prevent the pursuit of eviction proceedings, or the execution of a writ of possession. This Court cannot issue an injunction to stop the eviction."), *R. & R. adopted*, 2018 WL 4854075 (E.D. Tex. Oct. 5, 2018).

Turning to Delgado's case, the same jurisdictional deficiencies pursuant to the Anti-Injunction Act and the *Rooker-Feldman* doctrine must also apply—Delgado admitted at her *Spears* hearing, and has provided the Polk County judgment in her filings, that a Polk County Justice of the Peace entered a judgment in favor of Lopez for possession of the Property. Mar. 2, 2023 Hr'g at 2:29:20–2:30:49; *see also* Doc. No. 3. This is further supported by Delgado's requested relief in her *Complaint*—to "[v]oid [the] [j]udgement [sic]." Doc. No. 1 at 4. Even if the state court has not issued a final judgment, as Delgado states the state court proceedings are still ongoing, the court still lacks jurisdiction to entertain this matter under the Anti-Injunction Act. *Knoles*, 513 F. App'x at 415; *Younkman*, 2018 WL 4856777, at *2. Accordingly, this too serves as a basis for denying Delgado's requested *Emergency Motion*.

The undersigned concludes this report by noting that Delgado's assertion that Lopez "lost all his rights to any property or claims forwith [sic]" because he was deported from the United States is simply an inaccurate assertion. Notwithstanding the merits of Lopez's removal proceedings, of which Delgado has failed to inform the Court, Section 5.005 of the Texas Property Code clearly states that "[a]n alien has the same real and personal property rights as a United States

7

citizen." TEX. PROP. CODE § 5.005.  Additionally, aliens are deemed "persons" under the Fifth Amendment to the U.S. Constitution, which states:  "No person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. CONST. amend. V; *see, e.g.*, *Kwong Hai Chew v. Colding*, 344 U.S. 590, 601 (1953) ("While it may be that a resident alien's ultimate right to remain in the United States is subject to alteration by statute or authorized regulation because of a voyage undertaken by him to foreign ports, it does not follow that he is thereby deprived of his constitutional right to procedural due process.  His status as a person within the meaning and protection of the Fifth Amendment cannot be capriciously taken from him.").  The court notes it is unapprised of the nature and nuances underlying Lopez's removal proceedings, such that some of his rights may have been abrogated.  If this is the case, Delgado has failed to satisfy her burden in attaching such a decision to her *Emergency Motion*.

### III. Recommendation

Accordingly, for the reasons stated above, the court recommends denying Plaintiff Maria Delgado's *Emergency Motion for Restraining Order* (Doc. No. 11).

### IV. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation.  Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c).  A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 17th day of March, 2023.

_____
Zack Hawthorn
United States Magistrate Judge