IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| MARIA DELGADO,<br><br>            Plaintiff,<br><br>v.<br><br>LUIS GOVEA LOPEZ AND BYRON LYONS, POLK COUNTY, OFFICE OF THE SHERIFF,<br><br>            Defendants. | NO. 9:22-CV-00187-MJT-ZJH |

## **REPORT AND RECOMMENDATION DISMISSING CASE**

This case is assigned to the Honorable Michael J. Truncale, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. Pending before the court is *pro se* Plaintiff Maria Delgado's *Motion for Leave to Proceed in Forma Pauperis*. Doc. No. 2; *see* 28 U.S.C. § 1915.

After reviewing Delgado's application to proceed *in forma pauperis* solely on the basis of financial status, the court finds that Delgado meets the indigence requirements of 28 U.S.C. § 1915. However, pursuant to the court's own motion, the undersigned recommends that the court dismiss the case *sua sponte* because Delgado has failed to establish this court has subject-matter jurisdiction to entertain this case.

Because Delgado is proceeding *pro se*, Delgado's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and, as such, must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

I. **Factual and Procedural History**

On November 15, 2022, Plaintiff Maria Delgado filed her *Complaint* against her ex-husband Luis Govea Lopez, who was deported to Mexico, Polk County Sheriff Byron Lyons, and the Polk County Office of the Sheriff. Doc. No. 1; Mar. 2, 2023 Hr'g at 2:36:30–2:37:30. In her *Complaint*, Delgado represents that she is in the process of being evicted from her "property and Land," located at 588 Beech Creek Road, Livingston, Texas (hereinafter, "the Property"). *Id.* at 2. She therefore requests that the court "[v]oid judgement [sic]," "Deed [the] Adverse Claim to Maria Delgado," and award her 2 million dollars in damages from Defendants. *Id.* at 4.

On November 17, 2022, the Polk County Justice of the Peace Court, Precinct Four, entered judgment for Luis Govea Lopez for possession of the Property. Doc. No. 3 at 9. In Justice of the Peace Jamie Richardson's Order, it states, "ALL OCCUPANTS ARE ORDERED TO VACATE THE PREMISES LOCATED AT 588 BEECH CREEK ROAD, LIVINGSTON, TX 77351, ON OR BEFORE MIDNIGHT, ON NOVEMBER 22, 2022." *Id.* (capitalizations in original).

On March 2, 2023, the undersigned held a *Spears* hearing[1] with Delgado present. At the hearing, Delgado informed the court that she has not confirmed that she and Lopez are divorced, as she is afraid that the Polk County Clerk's Office is conspiring against her, and did not know whether her ex-husband officially owns the Property subject to a divorce decree. Mar. 2, 2023 Hr'g at 2:37:30–2:42:05. However, Delgado represented that Defendant Byron Lyons, the Polk County Sheriff, and his deputies, were actively attempting to evict Delgado from the Property pursuant to the Polk County Justice of the Peace Court's judgment for possession of the Property. *Id.* at 2:29:20–2:30:49. Indeed, Delgado affirmed at the hearing that these state court proceedings are still ongoing. *Id.* at 2:31:20–2:33:17.

---

[1] *See Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985).

On March 3, 2023, Delgado filed an *Emergency Motion for Restraining Order* (Doc. No. 11), requesting the court enter "an emergency restraining order to stay any actions by Polk County." Doc. No. 11 at 1. On March 17, 2023, the undersigned issued a *Report and Recommendation* (Doc. No. 12), recommending that the court deny Delgado's *Emergency Motion* because she failed to show that her eviction proceeding would cause irreparable harm, and because the court does not have jurisdiction to enjoin state court eviction proceedings. Delgado did not file objections to this report. On April 10, 2023, Judge Truncale adopted the undersigned's report. Doc. No. 13.

## II.   Discussion

In her *Complaint*, Delgado requests the court "[v]oid [the] [j]udgement [sic]" because when "Luis Govra [sic] Lopez was deported . . . he lost all his rights to any property or claims forwith [sic]." Doc. No. 1 at 4. Further, Delgado requests two million dollars in damages, and that the "Property shall be in Maria Delgado's name (ONLY)!!!" *Id.* (parenthetical and emphasis in original); *see also id.* at 5 ("No One Can Take my Property from me with out just compensation of Two Million usd (2,000,000.00) credit").

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction"—here, the plaintiff. *Kokkonen*, 511 U.S. at 377 (internal citations omitted).

There are two basic types of jurisdiction: diversity and federal question. Diversity jurisdiction requires that: (1) "the mattery in controversy exceed[] the sum or value of $75,000," and (2) that the case be between "citizens of different states." 28 U.S.C. § 1332(a)(1). By contrast,

federal question jurisdiction requires that the case "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

If a federal court does not have subject matter jurisdiction, it must dismiss the case. A federal court is "duty-bound to examine its subject-matter jurisdiction sua sponte." *Burciaga v. Deutsche Bank Nat'l Trust Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017); *Robinson v. Beaumont Bone & Joint Inst.*, No. 1:10-CV-643, 2010 WL 5644820, at *1 (E.D. Tex. Dec. 22, 2010) (Hines, J.) (emphasis in original) (internal citation omitted) ("Federal trial courts, moreover, *must* raise lack of subject-matter jurisdiction on their own motions whenever the issue becomes apparent."), *R. & R. adopted*, No. 1:10-CV-643, 2011 WL 251111 (E.D. Tex. Jan. 25, 2011).

Here, the court must *sua sponte* dismiss Delgado's *Complaint* (Doc. No. 1), as the court lacks subject-matter jurisdiction for multiple reasons. First, Delgado's *Complaint* fails to state *any* type of legal theory or cause of action against the Defendants to this action. Doc. No. 1. While Delgado's complaint lists "Public Policy, . . . [the] Securities Act of 1933, Exchange Act of 1934, Trust Indenture Act of 1939, [and the] Investment Company Act of 1940," it is unclear whether Delgado cites these Acts as causes of action, or merely as "principles that no 'natural and artificial government official person can legally perform an act that tends to injure a Federal Agency.'" *Id.* at 3.[2] Thus, the undersigned cannot discern whether Delgado invokes this court's federal question jurisdiction.[3]

More importantly, even if Delgado properly raised these Acts as causes of action, the court does not have jurisdiction to provide Delgado with her requested relief—to void the state court judgment against her. On November 17, 2022, Justice of the Peace Jamie Richardson entered

---

[2] The undersigned notes that Delgado has not brought this lawsuit against a federal agency.

[3] Diversity jurisdiction cannot sustain this lawsuit as the parties to this case are all Texas citizens or Texas entities.

judgment in favor of Luis Govea Lopez against Maria Delgado, conferring possession of the disputed Property to Lopez. Doc. No. 3 at 9. Justice Richardson ordered all occupants to vacate the premises before November 22, 2022. *Id.*

Thus, for the same reasons stated in the undersigned's previous *Report and Recommendation* (Doc. No. 12), the *Rooker-Feldman* doctrine precludes this court from "voiding" a state court judgment entered against Delgado. Doc No. 12 at 6; *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). "Under the Rooker-Feldman doctrine, 'federal district courts lack jurisdiction to entertain collateral attacks on state court judgments,'" such as "where the losing party in a state court action seeks 'what in substance would be appellate review of the state judgment.'" *Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) and *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)); *see also Sherman v. Johnson*, No. 22-30693, 2023 WL 4704141, at *1 (5th Cir. July 24, 2023) ("When a litigant loses in state court, they are barred from subsequently bringing that same claim in federal court. . . . This is known as the *Rooker-Feldman* doctrine, which applies to eviction-related proceedings.") (internal citations omitted). Here, a Texas county court entered judgment in favor of Lopez, and *against* Delgado, in relation to the Property in dispute to this action. Doc. No. 3 at 9. Delgado—the losing party in state court—cannot now seek appellate review of this judgment. *Weaver*, 660 F.3d at 904. The *Rooker-Feldman* doctrine bars such review of state court eviction proceedings. *Sherman*, 2023 WL 4704141, at *1.

Finally, to the extent that these state court proceedings are *ongoing*, and that Delgado did not bring her complaint prior to the state court's judgment, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine applies to "state-court

judgments rendered before the district court proceedings commenced[,] [ ] inviting district court review and rejection of those judgments"), the court still lacks jurisdiction as federal courts cannot enjoin state court proceedings under the Anti-Injunction Act. *In re Grand Jury Subpoena*, 866 F.3d 231, 233 (5th Cir. 2017); Anti-Injunction Act, 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress[.]"); *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 416 (5th Cir. 2013) (per curiam) (holding that a federal district court lacks jurisdiction to enjoin state court winner from enforcing a valid judgment of a Texas court in forcible detainer action). Furthermore, if any of the three (3) exceptions to the Anti-Injunction Act applies, Delgado has failed to plead as such. *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 704 (5th Cir. 2005). Thus, the court lacks the requisite subject-matter to entertain Delgado's case. The court should therefore dismiss this action with prejudice.

### III. Recommendation

Plaintiff Maria Delgado's *Motion to Proceed in Forma Pauperis* (Doc. No. 2) is granted. Delgado's *Complaint* (Doc. No. 1) should be dismissed with prejudice for failing to establish the court possesses subject-matter jurisdiction to entertain the case.

### IV. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo*

determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 8th day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge